IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 06–cv–00680–EWN–CBS

NANCY J. MORGAN, and
TIMOTHY J. MORGAN, M.D.,

      Plaintiffs,

v.

STEVE HAYNES,

      Defendant.
_____

**ORDER**
_____

**Magistrate Judge Craig B. Shaffer**

      The matter before the court is Plaintiffs' F.R.C.P Rule 36 Motion for Order

Declaring Request for Admission Conclusively Admitted [#28], filed September 28,

2006.  Defendant filed his Response [#32], on October 13, 2006. Plaintiffs filed their

Reply [#34] on October 17, 2006.  This matter was referred via Memorandum [#30], to

this court for determination on October 2, 2006.  The court has reviewed the motion,

the Response, the Reply, the exhibits, the entire case file, and the applicable law and is

sufficiently advised in the premises.  For the reasons discussed below, it is ordered that

Plaintiffs' F.R.C.P Rule 36 Motion for Order Declaring Request for Admission

Conclusively Admitted [#28], filed September 28, 2006, is denied.

      Further before the court is Defendant's Motion for Leave to File Surreply Brief

[#35], filed October 19, 2006.  Plaintiffs' Response to Defendant's Motion for Leave to

File Surreply Brief [#37], was filed October 24, 2006.  This matter was referred via

Memorandum [#36], to this court for determination on October 19, 2006.  The court has
reviewed the motion and the Response and hereby grants[1] Defendant's Motion for
Leave to File Surreply Brief [#35], filed October 19, 2006.

## I.      Background.

This case arises out of a skier/skier collision between the Plaintiff Nancy Morgan
and the Defendant Steve Haynes ("Defendant").   On March 16, 2006, Defendant
admittedly collided into Plaintiff Nancy Morgan on a bridge in an area near the terminal
base area of the Tea Cup chairlift at Vail ski area.  Plaintiff Nancy Morgan suffered
injury to both knees, which required extensive reconstructive surgery.

On June 2, 2006, pursuant to **FED. R. CIV. P. 36**, Plaintiffs served five Requests
for Admission.  Through counsel, Defendant served Plaintiffs an unsigned and undated
copy of his responses sometime before July 17,  2006.  Defendant later signed his
responses under oath at his deposition.  Plaintiffs' Request for Admission No. 2 was:

> *Admit that you were overtaking Nancy Morgan at the time of the*
> *INCIDENT.*

Defendant's response was:

> *Denied.*

During his deposition, Defendant produced a draft copy of his Answers to

---

[1]  Although surreplies are generally disfavored, they are allowed when they provide new
information for which the opportunity to respond is needed.  ***Skodmin v. Oliva,*** 2006 WL
2711481 (D. Colo. 2006).  Here, Defendant provides a surreply to address Plaintiffs' allegations
that his attorney, and not he,  prepared his responses to Plaintiffs' Requests for Admission.  The
court finds and concludes that Defendant is entitled to an opportunity to respond to Plaintiffs'
accusations, particularly those contained in pages 2-3 of Plaintiffs' Reply.

Plaintiffs' Requests for Admission.  Defendant admitted that at the time he received the

draft of his Answers, his lawyer had already answered all of the Requests for

Admission.  *(See Pls.' F.R.C.P. 36 Mtn, Ex. B)*.  During his deposition, Defendant

admitted to having a general understanding of the rules of liability for skier/skier

collisions in Colorado, and that the overtaking skier has the duty to yield to the skiers

below:

> 13.   Q.      Are you at all familiar with the Colorado
>
> 14.   Ski Safety Act of the general rules of the road for
>
> 15.   skiing safety?
>
> 16.   A.      Yes.
>
> 17.   Q.      All right.  Do you – Are you aware of the
>
> 18.   rule that provides that the overtaking skier has the
>
> 19.   primary duty to yield?
>
> 23.   A.      Yes. *(Id., Ex. B)*.

When asked if Plaintiff Nancy Morgan was ahead of or behind Defendant when

he first contacted her, he answered, "She was behind me." *Id.*  When asked if

Defendant passed Plaintiff Nancy Morgan, he answered "I would guess that I had to

have passed her, but I don't recall passing her.  I don't recall her being there." *Id.*

Plaintiffs insist that Defendant's deposition testimony that he "had to have

passed" Plaintiff Nancy Morgan is contrary to his attorney's prepared Answer to

Plaintiffs' Request for Admission No. 2, in which Defendant denied overtaking Plaintiff

Nancy Morgan at the time of the incident.  As a result of this alleged discrepancy,

Plaintiffs are requesting under **FED. R. CIV. P. 36** that this court declare their Request for Admission No. 2 conclusively admitted. Plaintiffs claim that Defendant's Response to Plaintiffs' Request for Admission No. 2 fails to meet the substance of the requested admission, is inappropriate, contrary to Defendant's own testimony, and does not comply with the plain terms of **FED. R. CIV. P. 36.**

## II.      Standard of Review.

**Fed. R. Civ. P. 36** requires that a party's sworn answers to admissions "fairly meet the substance of the requested admission." **FED. R. CIV. P. 36.** If a response is thought insufficient as a denial, the court may treat it as an admission; or, if the court determines that the answer does not otherwise meet the requirements of the rule, it may order that the matter is admitted or that an amended answer be served. ***See, e.g., Barnett v. Bd. of County Comm'rs of Wyandotte County, Kan.,*** 1989 WL 59446 (D. Kan. 1989) (party's failure to supplement sworn answer to admission after completion of further discovery resulted in answers being deemed admitted).

A denial of a matter on which an admission has been requested must fairly meet the substance of the requested admission. ***Havenfield Corp. v. H & R Block, Inc.,*** 67 F.R.D. 93 (W.D. Mo.1973) (finding that in respect to a request for an admission of facts, one cannot answer properly in the alternative but must comply strictly and literally with the terms of this rule upon peril of having his response construed to be in legal effect an admission); ***U.S. v. Jefferson Trust & Sav. Bank,*** 31 F.R.D. 137 (S.D. Ill.1962) (holding that affidavits of plaintiffs did not constitute effective and proper response to defendant's requests for admissions and failure of plaintiffs to comply with

4

rule was admission by plaintiffs of every material fact in requests for admissions, when statements in letter, which was admitted to be genuine, contradicted statements in affidavits). To the extent admissions are not supported by the facts, the request for them should be met with a denial, either in whole or in part, or with a qualified admission, as the circumstances may require. *Hise v. Lockwood Grader Corp.*, 153 F. Supp. 276 (D. Neb.1957). "The rule requires absolute good faith and truthfulness in a response and any responses which seek to evade or avoid, short of a frank statement that the party cannot truthfully respond, stating the reasons or grounds therefor, will not be countenanced." *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950).

Under **Rule 34**, the requesting party is entitled to a direct and unequivocal answer without being required to search the record for possible denials lurking in papers or instruments previously filed in the record. *In re Indep. Distillers of Ky.*, 34 F. Supp. 724 (W.D. Ky.1940). It is expected that denials will be forthright, specific, and unconditional. *U.S. v. Am. Tel. & Tel. Co.*, 83 F.R.D. 323, 333 (D.D.C.1979). In the past courts have found an admission in the following circumstances;

1.  a denial coupled with a general exception of doubtful import, *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118 (D. Iowa 1950) (concluding that the use of the word "denied" qualified by a statement that the responding party does not have knowledge or information upon which to form a belief is a nullity and has the legal effect of an admission);

2.    in a refusal to admit without specific denial or detailed reasons why the party cannot admit or deny, ***Fuhr v. Newfoundland-St. Lawrence Shipping Ltd., Panama***, 24 F.R.D. 9 (S.D.N.Y.1959) (refusal to admit, without detailed reasons why responder cannot truthfully admit or deny, is the equivalent of an admission.); and

3.    in a response denying a request on the ground that it is inaccurate, irrelevant, incompetent, immaterial, argumentative, and calls for a conclusion, ***U.S. v. Schine Chain Theatres, Inc.***, 4 F.R.D. 109 (W.D.N.Y.1944) (finding that defendants' answer to request for admission, which denied statement in request on the ground that it was inaccurate, irrelevant, incompetent, and immaterial, or because it was argumentative and called for a conclusion, or because defendants had no competent knowledge of such statement, did not comply with the provision in **Rule 36(a)** requiring defendants to "deny specifically" or detail reasons why they cannot truthfully admit or deny); ***Southern Ry. Co. v. Crosby***, 201 F.2d 878, 880 (4th Cir.  1953). (holding the following to be the equivalent of an admission: "You will please take notice that the defendant denies the accuracy of the statements contained in your notice, and refuses to admit the truth thereof."); ***U.S. ex rel. Seals v. Wiman***,  304 F.2d 53, 64 (5th Cir. 1962), certiorari denied 83 S.Ct. 717; 83 S.Ct. 741 (finding that an answer that discloses no valid objection to the requests, no good excuse

6

for the failure to answer them, and no showing that the respondent had made a reasonable inquiry to ascertain their truth is inadequate.).

### III.    Analysis.

Here, Defendant's Answer was "forthright, specific, and unconditional." *See, Am Tel. & Tel. Co.,* 83 F.R.D. at 333.  Defendant unequivocally answered "denied" to Plaintiffs' Request for Admission No. 2.  *(See Pls.' F.R.C.P. 36 Mtn, Ex. B).* Defendant did not "couple his denial with a general exception of doubtful import;" refuse to admit "without specific denial or detailed reasons why [he] cannot admit;"  or deny a request on the ground that it is "inaccurate, irrelevant, incompetent, immaterial, argumentative, and calls for a conclusion."

Yet, Plaintiffs insist that Defendant's Answer to Plaintiffs' Request for Admission No. 2 is contrary to Defendant's deposition testimony because he cannot deny "overtaking" Plaintiff, then testify that he "had to have passed" her.[2]  However, Defendant was entitled to properly respond to the Request for Admission No. 2 with a simple denial and be deemed in compliance with **Rule 36**.  *Cont'l Cas. Co. v. Brumell,* 112 F.R.D. 77 (D. Colo. 1986) (holding that Rule 36 does not provide a mechanism for determining whether responses to requests for admission are warranted by the

---

[2]  Plaintiffs reference *Muller v. Schuster*, a Pitkin County District Court case in which a defendant denied being partially at fault for a collision, but then later testified under oath to being uphill prior to the collision and to being the overtaking skier.  In light of this testimony, the judge in that case deemed the Answer admitted under C.R.C.P. 36, and awarded costs to Plaintiff. However, Plaintiffs fail to attach a copy of that order to the motion for consideration.  Further, the case is distinguishable because rather than admitting to being the overtaking skier, Defendant here claims that he "had to have passed" Plaintiff, but he does not recall it.  Therefore, the court finds and concludes that *Muller* does not control the outcome of this motion.

7

evidence before trial); ***Michael v. Wes Banco Bank,*** 2006 WL 1705935, *2

(N.D.W.Va. 2006) (finding that for purposes of determining compliance with **FED. R. CIV.**

**P. 36**, courts "should focus on the specificity of the response and not on whether the

response is correct.") .  The court need not consider case law construing the proper

meaning of "overtake" at this point in the case, or whether or not Defendant's Answer is

untruthful in light of the meaning of the term.  ***See, e.g., U.S. v. Operation Rescue,***

111 F. Supp.2d 948, 968  (S.D. Ohio, 1999) (finding that a party may not seek a pre-

trial determination of the accuracy of opponent's denial, asserting that evidence does

not support denial); ***Lakehead Pipe Line Co. v. Am. Home Assur.,*** 177 F.R.D. 454,

458 (D. Minn. 1997) (Rule 36 does not authorize a court to deem a request admitted

because the unequivocal denial is unsupported by the evidence).  Thus, the court

refuses to deem Defendant's Answer to Plaintiff's Request for Admission No. 2 as an

admission and finds his use of the word "denied" satisfies the requirements of **Rule 36**.

Indeed, Plaintiffs have a remedy if Defendant's denial is not supported by the

evidence. **FED. R. CIV. P. 37** provides:

> If a party fails to admit the genuineness of any document or the truth of any
> matter as requested under Rule 36, and if the party requesting the admissions
> thereafter proves the genuineness of the document or truth of the matter, the
> requesting party may apply to the court for an order requiring the other party to
> pay reasonable attorney fees.

**Rule 37** is "intended to provide post-trial relief" in the form of expenses for refusing to

admit a truthful matter.  **Rule 37**, therefore, makes clear that post-trial, rather than pre-

trial, relief is the appropriate form of recourse for Plaintiffs.

Finally, Plaintiffs' argument that Defendant's Answer fails to comply with **FED. R.**

8

**Cɪᴠ. P. 36** because it is the work of his attorney is meritless.  Plaintiffs allege in their

Reply that "Defendant's Answer to Plaintiffs' Request for Admission is not his own, but

rather a prepared denial that was pre-written by his own attorneys, without any

consideration for what the Defendant's truthful response might be." **(Reply, p. 2).** In

Defendant's Surreply Brief, Defendant insists that his Answers to Plaintiffs' discovery

requests are in fact his own, independent responses.  Defendant's counsel claims that

he provided Defendant with Plaintiffs' discovery requests prior to scheduling a

telephone conference with Defendant to review the same.  After conferring with

Defendant, his counsel incorporated Defendant's responses into his Answers to

Plaintiffs' Requests for Admission.  **(Def. Surreply Br., p. 2, & Ex. 1, Aff. of Def.**

**Haynes).**

Prior to 1970, a response had to be sworn and had to be the response of the

party itself rather than of its attorney.  Wright, Miller, & Marcus,  Federal Practice and

Procedure : Civil 2d § 2259 (1994).   However, both of these provisions were changed

by the 1970 Amendments to **Rule 36.** *Id.*  Since the Amendments, an answer may be

signed by either the party *or his attorney*, and it is no longer necessary that a response

be verified. *Id.; see also, Yunghans v. O'Toole,* 581 P.2d 393 (1978) (emphasis

added). Defendant's Answer comports with **Rule 36** as amended in 1970.  Therefore,

the court finds and concludes that Plaintiffs' arguments are without merit, and that

Defendant's Answer complies with **Fᴇᴅ. R. Cɪᴠ. P. 36** and fairly meets the substance of

the requested admission.

9

Therefore,

**IT IS ORDERED** as follows:

1.      That Defendant's Motion for Leave to File Surreply Brief [#35], filed

        October 19, 2006, **IS GRANTED** and **IS ACCEPTED** for filing as of

        October 31, 2006; and

2.      That Plaintiffs' F.R.C.P Rule 36 Motion for Order Declaring Request for

        Admission Conclusively Admitted [#28], filed September 28, 2006, **IS**

        **DENIED**.

**DATED** at Denver, Colorado, this 31st day of October, 2006.

                                        BY THE COURT:



                                        *s/Craig B. Shaffer*
                                        Craig B. Shaffer
                                        United States Magistrate Judge